KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rory Mara, | No. CV 12-086-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corporation of America, et al., | |
| Defendants. | |

Plaintiff Rory Mara, who is confined in the Corrections Corporation of America-Saguaro Correctional Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an incomplete Application to Proceed *In Forma Pauperis*. In a January 31, 2012 Order, the Court denied the Application to Proceed with leave to re-file.

On February 22, 2012, Plaintiff filed a new, deficient Application to Proceed. In an April 10, 2012 Order, the Court denied the new Application to Proceed, and gave Plaintiff 30 days to pay the filing fee or file a complete Application to Proceed.

On May 4, 2012, Plaintiff filed a Motion for Appointment of Counsel (Doc. 7). On May 9, 2012, Plaintiff filed a third, deficient, Application to Proceed *In Forma Pauperis* (Doc. 8).

In both the February 22, 2012 and April 10, 2012 Orders, the Court explained that pursuant 28 U.S.C. § 1915(a)(2), Plaintiff's Application to Proceed *In Forma Pauperis* must

include a certified trust account statement for the six months preceding the filing of the Complaint. Plaintiff's third Application to Proceed does not include a certified six-month trust account statement.

The Court has twice provided Plaintiff with instructions for filing a proper Application to Proceed *In Forma Pauperis*. Plaintiff has also filed thirteen other lawsuits with this Court, each with at least one deficient Application to Proceed *In Forma Pauperis*. In each of those cases, the Court has also provided Plaintiff with instructions for filing an Application to Proceed *In Forma Pauperis*. Plaintiff has received 26 Orders from this Court with instructions for complying with the *in forma pauperis* statute. Plaintiff appears unwilling or unable to do so.

Plaintiff was also explicitly warned in each of the Court's Orders that failure to comply with a Court order would result in dismissal of the action. The Court will dismiss this action, without prejudice, for failure to comply with a Court order. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court will deny as moot the Motion for Appointment of Counsel.

**IT IS ORDERED:**

(1) Plaintiff's May 9, 2012 Application to Proceed *In Forma Pauperis* (Doc. 8) is **denied**.

(2) This action is **dismissed without prejudice** for failure to comply with a Court order. The Clerk of Court must close the case and enter judgment.

(3) Plaintiff's April 17, 2012 Motion for Appointment of Counsel (Doc. 7) is **denied** as moot.

DATED this 2nd day of July, 2012.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge

- 2 -